Jon F. Monroy, SBN 51175
Jennifer E. Gysler, SBN 143449
MONROY, AVERBUCK & GYSLER
32123 Lindero Canyon Rd., Ste 301
Westlake Village, CA 91361
(818) 889-0661 Fax (818) 889-0667

**NOTE COURT'S CHANGES BELOW**

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL J. CARRIER, II, individually and as the personal representative of RANDALL J. CARRIER, III, deceased, and QUINTESHIA CARRIER, et al.<br><br>　　　　Plaintiffs,<br>　　vs.<br>COUNTY OF LOS ANGELES, et al.<br><br>　　　　Defendants. | Case No.: 2:17CV07231 MRW<br><br>STIPULATED PROTECTIVE ORDER RE VIDEO PRODUCED BY DEFENDANTS |

TO THE COURT:

After conferring regarding the discovery of documents and things in the above-entitled titled case, Plaintiffs, through their counsel of record, and defendants, through their counsel of record, hereby stipulate and agree as follows:

1. Plaintiffs have propounded a Request for Production of Documents Set One, to defendants. Defendants have responded in part, that videos of the incident as well as witness interviews, exist in this matter. Due to the

Stipulated Protective Order - 1

sensitive nature of what appears on the video, which includes medical treatment, the death of the decedent, and witness interviews, defendants have requested a protective order to limit use of the videos to the confines of this lawsuit.

GOOD CAUSE STATEMENT

2. The defendants will be producing videos taken by fixed cameras and by hand held cameras, which depict the decedent as he was receiving medical treatment inside Twin Towers Correctional Facility, immediately prior and leading up to his death from an asthma attack(s). Interviews were conducted post incident. These interviews and video are described in documents already produced to plaintiffs.

3. Due to the sensitive nature of the videos and the numerous third parties who appear in the videos, the defendants seek a protective order limiting use of the videos to the confines of this lawsuit. The defense believes that the limited use of the video(s) will ensure that the intrusion into the privacy of those involved will be protected to the extent possible while still providing disclosure to plaintiffs of the video content so they may fully litigate their lawsuit.

TERMS OF THE PROTECTIVE ORDER:

4. Plaintiffs' counsel will have sole custody and control over the video content released to plaintiff's counsel by defense counsel.

5. The video content released pursuant to these terms, is deemed confidential, and shall be used solely in connection with this litigation and the preparation and trial of this case, or any related appellate proceedings, and not for any other purpose, including any other litigation, and may not be disclosed or disseminated to other persons, including any other counsel other than as set forth herein;

6. Plaintiffs' counsel alone will have custody, control and access to the video content and will be prohibited from releasing or disseminating the video to other persons including legal counsel other than set forth in paragraph 10 herein;

7. Plaintiff's counsel may make copies of the video content, but plaintiff's counsel will be prohibited from releasing or disseminating such copies or the information contained within such copies other than as set forth herein;

8. The video content released from the defense may be submitted in all law and motion proceedings if done so pursuant to Local Rule 79-5 which states in part:

*"L.R. 79-5 Confidential Court Records – Under Seal*

AN APPLICATION SUBMITTED UNDER

*L.R. 79-5.1 Definition. A case or document that is "under seal" or "sealed" is one that is closed to inspection by the public. A person seeking to have a case or document sealed must follow the procedures set forth below. Parties should be familiar with the difference between in camera review (see L.R. 79-6) and under seal filings.*

*L.R. 79-5.2 Procedures. Unless otherwise indicated in this L.R. 79-5.2, no case or document may be filed under seal without first obtaining approval by the Court.*

*All documents to be filed under seal and all Applications for Leave to File Under Seal must be filed electronically using the Court's CM/ECF System, unless otherwise indicated in this rule or exempted from electronic filing pursuant to L.R. 5-4.2. Before electronically filing any under-seal documents or any Applications for Leave to File Under Seal, filers must familiarize themselves with the Court's Guide to Electronically Filing Under-seal Documents in Civil Cases, available on the Court's website at [www.cacd.uscourts.gov](www.cacd.uscourts.gov). Failure to comply with the instructions in the Guide may result in the disclosure of confidential information.*

*Where this rule directs that documents must be presented for filing in paper format, the original and the judge's copy of all such documents must be submitted for filing in separate sealed envelopes, with a copy of the title page attached to the font of each envelope, and must be accompanied by a PDF version of the documents on a CD, unless otherwise ordered by the judge…*

*    L.R. 79-5.2.1 Under-Seal Documents in Non-Sealed Civil Cases. In a non sealed civil case, no document may be filed under seal without prior approval by the Court. A person seeking to file documents under seal must follow the procedures set forth below in subsections (a) unless someone else has designated these documents as confidential pursuant to a protective order, in which event those involved must follow the procedures set forth in subsection (b). Once*

*the Court has granted leave to file under seal, documents to be filed under seal must be filed in accordance with subsection (c)."*
**[Please refer to L.R. 79-5.2.1(b) and (c) for specific requirements and procedures].**

9. All disputes regarding this Protective Order shall be handled pursuant to Local Rule 37.

10. The video content may be disclosed to the following persons:

   (a) counsel for any party to this action;

   (b) paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph (a);

   (c) court personnel including stenographic reporters engaged in such proceedings as are necessary incident to preparation for the trial in this action;

   (d) any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

   (e) any "in-house" or outside experts designated by the parties to testify at trial in this matter; and

   (g) any party or witnesses to this action.

11. Any video content so disclosed will explicitly require inclusion of a copy of this Stipulation and Protective Order and written instructions from counsel direction compliance with same. EXCEPT FOR COURT PERSONNEL DESCRIBED IN PARA. 10(C) ABOVE.

So stipulated:

DATED: July 24, 2018    THE LAW OFFICES OF JOHN BURTON

    ___/s/John Burton_____
    John Burton, Esq.
    Attorneys for Plaintiffs

DATED:  July 24, 2018    THE LAW OFFICES OF STEFFENY HOLTZ

    __/s/Steffeny Holtz_____
    Steffeny Holtz, Esq.
    Attorneys for Plaintiffs

DATED:  July 24, 2018    MONROY, AVERBUCK & GYSLER

    *Jennifer E. Gysler*_____
    JON F. MONROY
    JENNIFER E. GYSLER
    Attorneys for Defendants

**IT IS SO ORDERED.**

    /s/ Judge Wilner
**DATED:** July 25, 2018    _____
    **U.S. ~~DISTRICT COURT~~ MAGISTRATE**
                JUDGE


NOTE: THIS PROTECTIVE ORDER DOES NOT GOVERN OR CONTROL USE OF MATERIALS AT TRIAL IN THIS MATTER.  MW